THE VIRGINIA HOME INSURANCE COMPANY *vs.* GRAY, administrator.

1. Where an action against a foreign insurance corporation doing business in this state, in the county where the suit was brought, was served by serving an agent, and after a reference of the suit to arbitration and an award rendered thereon, the same agent swore to exceptions filed to the award, it was not competent for the counsel of record to verify by his own oath an amendment to the exceptions, it not appearing that the corporation had withdrawn from business here, or that the agent on whom service was effected, and who had represented the corporation in swearing to the exceptions, was a non-resident of the county, or even absent therefrom.

2. Considering the state of the pleadings, the terms of the reference and the terms of the award, most of the exceptions filed to the award were not sufficiently definite and specific in pointing out mistakes, showing their materiality, and alleging that the award resulted therefrom. It does not appear that the matters of defense now urged, such as insurance in other companies, over-insurance on the building, fraudulent concealment, compromise, payment, etc., were pleaded to the action prior to the reference, or that they were directly put in issue and insisted upon before the arbitrators.

3. The award did not reform the policy of insurance, nor attempt it.

With no pleadings before them but the declaration, the arbitrators were not bound, as matter of law, on the facts in the evidence, to award in favor of the defendant, or to find less for the plaintiff than the whole amount of the policy, principal and interest.

Corporations. Pleadings. Attorney and client. Arbitrament and award. Before Judge HILLYER. Fulton Superior Court. April Term, 1878.

Tumlin brought complaint against the insurance company on a policy of insurance for $2,000.00 on his half interest in one three-story wood mill-house, with rock basement, known as the "Salaquoy Mills." The defendant, a foreign corporation, was brought into court by service upon its agent. Before any pleas were filed the parties litigant agreed to submit the matters of difference between them to arbitration. The contract of reference was, in substance, as follows: That Tumlin having brought suit against the insurance company for the payment of a policy of insurance executed by said company, and said suit being pending in Fulton superior court, and the said company denying that it is indebted to the said Tumlin anything, and it being the desire of both parties that the matters of dispute be settled justly and promptly, it is agreed that said matters in controversy be referred to Cincinnatus-Peeples, C. B. Wellborn, and such other person as they may select, for arbitration and award, and that said arbitrators shall judge of the law and the facts of said matter in dispute, and that they, or any two of them, shall decide said matter according to law and the justice and equity of the case, without favor or affection to either party, according to and under the provisions of the Code of this state. That an order of court be taken for this submission, and that the award when made be considered the judgment of the court.

This agreement was approved by the court and entered on the minutes.

By consent of the parties, John D. Pope, Esq., was subsequently substituted in place of Wellborn as an arbitrator. A. B. Culberson, Esq., was selected as umpire.

With the case in this condition, no defense having been filed by the defendant, the arbitrators proceeded to take testimony. The plaintiff claimed that it was his intention to have the policy issued on the machinery as well as the building, and that he so instructed Mr. Wellborn, the agent, with whom the policy remained until after the fire. In this he is weakly corroborated by Wellborn. The defendant endeavored to confine its liability, under the terms of the policy, to the loss on the building, thus excluding the loss on the machinery from the calculation, and to show that the plaintiff had already received from other companies a large proportion of such loss. Also, to establish that the plaintiff, fraudulently keeping the other companies in ignorance of the policy now sued on, had settled with them for the entire loss on the machinery and building for $12,074.44, and consequently was not entitled to recover anything from this defendant.

A fair estimate of the testimony would show that Tumlin was under-insured on the machinery, and over-insured on the building. In view of the decision it is unnecessary to refer to the evidence at any greater length.

The arbitrators, Peeples dissenting, awarded to the plaintiff the full amount of the policy sued on, with interest. The defendant filed the following exceptions, verified by the agent upon whom service was perfected :

1. That said arbitrators and umpire made a clear and palpable mistake of law in rendering said award.

2. Because the proofs as shown by the testimony, to—wit: The policy of insurance sued on, the proof of loss, the testimony of the plaintiff, of C. B. Welborn, J. W. Covington, the policies of insurance of the Albemarle, Virginia, Empire State, Georgia Home, Richmond Banking, and James River companies, and the evidence all taken and returned by the said arbitrators, shows that Lewis Tumlin, or Tumlin, F. & Co., did not at any time give to the above named companies any notice of the insurance effected with this company, neither at the time of taking it or at any time afterwards

but the same was especially concealed from said companies at all times, and especially at the time of making the adjustment of loss, and which fact of concealment was not known to this defendant, or to said companies when they agreed to make said payment, and was a fraud upon said companies and upon this company. And that by the terms of said policies, if this defendant was liable at all, it was liable to said companies and not to Tumlin.

3. Because in making the proof of loss, as shown by the paper purporting to be proof of loss submitted by Tumlin, the fact of his having insurance in other companies was concealed, and was a fraud on this defendant.

4. Because this company, as shown by said evidence, was not notified to be, nor was it by its agents or officers, present when the adjustment was made by the above several companies, by Tumlin and C. B. Wellborn, his adviser and agent, with Mr. Covington, their agent, and that the compromise with them by which they were released, was a fraud upon this company, and absolved this company from all liability to said Tumlin ; at all events, to the extent of nothing more than would be the *pro rata* share which might be found against this company, computed upon the basis of that settlement, to-wit : $995.00.

6. Because said testimony shows that upon a full and fair estimate of the loss on the said building, said Tumlin, with his claim on the James River Company, was fully paid off.

7. Because having compromised with said companies, Tumlin is not entitled to recover of this defendant at all.

8. Because the policy of this company in favor of Tumlin, shows that it was taken upon the " mill house," and the proof of loss shows that Tumlin so regarded it, and so swore on said proof, and did not include insurance on the machinery, and that said arbitrators committed a clear mistake of law in allowing, against the dissent of C. Peeples, one of the abitrators, said plaintiff and C. B. Wellborn to state that said Tumlin intended to insure his entire interest in the mill and machinery.

9. Because in making up their award said arbitrators and umpire made a clear and palpable mistake of law in reforming said policy, there being no evidence on which to base such a judgment, nor law to authorize it being done by a board of arbitrators, said defendants not having made any mistake in issuing said policy, the evidence being exactly the reverse.

10. Because as shown by the evidence of Mr. Covington, the agent of five of the above named companies, said companies would not have settled with said Tumlin if they had known that he was claiming insurance of this company.

11. Because the said arbitrators and umpire made a clear and palpable mistake of law for the reason and upon the facts hereinbefore stated, and upon all the the points hereinbefore stated, in awarding in favor of said Tumlin *at all*, and also in rendering an award for the full amount of said policy.

To these exceptions the plaintiff demurred. Counsel for defendant moved to amend by adding to each of said exceptions, "that said award is the result of the error alleged in this exception, as made by said arbitrators," and proposed to verify such amendment by his oath as defendant's attorney. The court refused to allow the amendment, sustained the demurrer, and rendered judgment on the award for the plaintiff. To all of which the defendant excepted.

H. C. PEEPLES; JACKSON & LUMPKIN, for plaintiff in error, cited, on formality of exceptions, Code, §4243; 38 *Ga.*, 136; 41 *Ib.*, 370; 39 *Ib.*, 12, 678. On amendment by affidavit of attorney, Code, §§408, 2207, 2196; 31 *Ga.*, 22; 37 *Ib.*, 678. On exceptions being "pleas," Code, §§4242, 4243, 3449, 13450; 38 *Ga.*, 137; 39 *Ib.*, 704; 36 *Ib.*, 574; 34 *Ib.*, 268; 47 *Ib.*, 23; Angell & A. on Corp., §282. Not liable in present action for loss on machinery, 5 Biss., 156; Code, §§3117, 2757,; 6 Watts & S., 439; 21 Conn., 19; 43 *Ga.*, 308; 29 *Ib.*, 696; 13 *Ib.*, 208; 34 *Ib.*, 355; 38 *Ib.*, 46. Notice of other insurance not given in proof of loss, 3

Rob. (La.), 384; 8 Exch., 819; 20 Wis., 205; 5 Bennett, 87, 502; 40 *Ga.*, 135; Flanders on Fire Ins., 189; 20 Barb., 468; 1 Curt. C. C., 193; 17 Ohio, 432; 42 *Ga.*, 456. Declaration set out no mistake, 35 *Ga.*, 177; 40 *Ib.*, 199; 45 *Ib.*, 144; 43 *Ib.*, 308.

Julius S. Brown, for defendant, cited, on amendment, 41 *Ga.*, 10; 59 *Ib.*, 460; Code, §§4243, 408, 3267, 3449, 3615, 3726, 4053; 48 *Ga.*, 351; 25 *Ib.*, 262. Award binding, even if against law, 34 *Ga.*, 252; 8 *Ib.*, 8, 19, 20; 21 *Ib.*, 1; 41 *Ib.*, 20. Liberally treated, 34 *Ga.*, 560. Error in judgment of arbitrators insufficient to set aside, 41 *Ga.*, 10, 548; 47 *Ib.*, 10; 42 *Ib.*, 499. Arbitrators connot impeach, 28 *Ga.*, 399; 47 *Ib.*, 11; 58 *Ib.*,, 361. Sustained by evidence, 41 *Ga.*, 547; 44 *Ib.*, 587; 47 *Ib.*, 10; 40 *Ib.*, 671; 39 *Ib*, 7; 41 *Ib.*, 10, 548. Not stated that award was result of fraud, accident or mistake, 39 *Ga.*, 7, 678; 40 *Ib.*, 674; 47 *Ib.*, 10; 38 *Ib.*, 135; 40 *Ib.*, 674; 39 *Ib.*, 7. Defendant had notice of other insurance, 40 *Ga.*, 135; 41 *Ib.*, 660.

Bleckley, Justice.

For the reasons indicated in the head-notes, this court is of opinion that there was no error in any of the rulings made by the superior court, or in its final judgment.

Judgment affirmed.